**MILLER v. BURGER et ux.**

No. 11480.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1947.

John F. Sonnett, Asst. Atty. Gen., and James M. Carter, U. S. Atty., Ronald Walker and Charles H. Veale, Asst. U. S. Attys., all of Los Angeles, Cal. and Arthur C. Miller, of San Francisco, Cal. (J. Francis Hayden, Sp.Asst. to Atty. Gen., Hubert H. Margolies, and Leonard B. Zeisler, both of Washington, D. C., of counsel), for appellant.

W. H. Stammer, of Fresno, Cal., for appellees.

Clarence A. Linn, of San Francisco, Cal., for California State Fed. of Labor, amicus curiae.

Before STEPHENS, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from an order and final judgment of the district court reversing the decision of the Social Security Board [1] and directing that the Board recompute appellees' benefits under the Social Security Act by including as part of the total statutory wages, payments in the amount of $265.71 made to appellee, James F. Burger, by Rosenberg Bros. & Co. in 1940. The

---

[1] By order of a judge of this court dated January 13, 1947, Watson B. Miller, Federal Security Administrator, was substituted as appellant for all purposes, the functions of the Social Security Board and members thereof having been transferred to said Administrator under Reorganization Plan No. 2 of 1946, 5 U.S. C.A. § 133y—16 note. See Reorganization Act of 1945, 5 U.S.C.A. §§ 133y—133y—16. Title 42 U.S.C.A. §§ 901, 902, 903, 904.

decision of the Social Security Board reversed by the judgment of the lower court found that Burger's services in 1940 were in "agricultural labor" as defined in Section 209(l) (4) of the Social Security Act, 42 U.S.C.A. § 409(l) (4), and therefore were not includible as wages in determining Burger's benefits.

In November, 1940, James F. Burger and his wife, appellees herein, having attained the age of sixty-five, filed with the .Bureau of Old Age and Survivors Insurance of the Social Security Board, applications for insurance benefits under Title II of the Social Security Act, as amended. James F. Burger applied for primary insurance benefits under Section 202(a), 42 U. S.C.A. 402(a), and his wife, Maude, for wife's insurance benefits under Section 202 (b), 42 U.S.C.A. 402(b).

The controversy here relates to the correctness of the exclusion from James F. Burger's total *wages* of certain payments in the first two quarters of 1940 for services rendered as an employee of Rosenberg Bros. & Co. The Bureau excluded these payments on the ground that they were for "agricultural labor" as defined in the Act, as amended, and consequently were not "wages" paid for "employment". The Bureau on March 15, 1941 awarded appellees monthly benefits lower than they would have been if the pay for services in 1940 had been counted *as wages* in covered employment.

On the record presented to the lower court under Section 205(g) of the Act, 42 U.S.C.A. § 405(g), appellant and appellees each moved for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Being of the view (and we think correctly so) that on the record before him there was no genuine issue as to any material fact, the district judge held that the only issue for decision was one of law, i.e., whether or not, after January 1, 1940, Burger's work of emptying containers of dried fruit into hoppers of grading and processing machines at and in the packing plant of his employer was "agricultural labor" within the meaning of the Act, as amended. The judge wrote a lengthy and illuminating opinion disposing of the issue in the case which is reported in 66 F.Supp. 619 in which he held that the services performed for Rosenberg Bros. & Co. were not "agricultural labor" as defined in the Act, as amended.

Since we are in substantial accord with the legal conclusions reached by the lower court in disposing of the material and controlling issue in the case, it would serve no useful purpose to restate the facts at length or to enter upon an extensive discussion of the law of the case. For a more extended discussion reference is made to the reported opinion of the district court which in the main adequately presents these matters.

It is clear, from the record, that the conclusion of the Social Security Board ultimately rested upon the assumption that the services of an industrial worker (like Burger) were necessarily "agricultural labor" *under the language of the Act*. In our view of the matter, the lower court did not usurp nor transgress upon the functions of the Board in applying the statute, as thus construed, to admitted material and controlling facts. In so doing, it did not depart from the rule emphasized in the LaLone case (United States v. LaLone, 9 Cir., 152 F.2d 43, 45). As suggested .in appellant's brief, "the Board had to construe the phrases 'incident to the preparation of * * * fruits * * * for market' and 'terminal market for distribution for consumption,' as explained in its own regulations".

Appellant further points out that it (the Appeals Council) "reached the conclusion that *in the sense of the statute* the services [of Burger] were incident to the preparation of fruits for market before delivery to a terminal market. It is immaterial that the underlying evidentiary facts were undisputed." [Emphasis supplied.] The argument is that this conclusion (of the Board) is not "manifestly unreasonable" and must be sustained. This on the theory that where an administrative agency is charged with applying general statutory language to a concrete factual situation, the courts will not disturb the conclusion reached.

■ It will be noted that the terms quoted in the preceding paragraphs and which appellant says the Board "had to construe", did not originate in the regulations, but in the statute. It is not to be doubted that in the final analysis, statutory construction is a legal function, and if the Board (under the facts of this case) can construe the language of the Act, the courts can examine that construction and determine its validity or invalidity.[2]

Adverting to the LaLone case, supra, it appears that the widow of LaLone applied for child's insurance benefits on behalf of four infant children. The Board denied her application on the ground that her deceased husband was not an *employee* of his alleged employer, but was a partner or joint venturer with the said employer, and as such, not eligible to be classified as an employee under the Act. It is obvious that the Board confronted a situation where a fact determination had to be made—a situation where clearly such a determination resting on substantial evidence, was conclusive. In the case at bar we are not faced by a controversy over the facts. In essence, the arguments in this case revolve around the meaning of the language of the Act itself and reflect the doubt engendered by its terminology. Here we are not forced to consider a holding of the lower court which, in effect, substitutes the judgment of that court, on a set of facts for the judgment of the Board thereon. The lower court did not reach a decision contrary to the facts found by the Appeals Council. We believe that the ultimate question presented to the lower court was one of law.

■ We agree with that court that under the admitted facts in this case, Rosenberg Bros. plant was a "terminal market" for the farmer producers who sold and delivered their dried fruit to that concern; that it was "the market" of such farmer producers, or to state it in another way, "the growers' market" since this commercial plant was the place where the farmer producer of dried fruit customarily

parted with all of his economic interest in the fruit, its future form or destiny. The facts make abundantly clear that it was only *after* the farmer producer sold and delivered the fruit to Rosenberg Bros. that Burger's services (described in the opinion of the district court) were performed for that commercial concern. In this state of the record we regard his services as being performed after all "agricultural labor" in connection with such dried fruit had ceased. Accordingly, the questioned. 1940 payments for Burger's services should be treated as "wages" within the coverage of the Act.

Certain observations of Judge McCormick in Latimer v. United States, D. C., 52 F.Supp. 228, 234, are persuasive in their logic as we contemplate the problem here presented. In commenting on the nature of this sort of an issue, that able judge had this to say: "a realistic approach to the social and economic security of employees in present-day large scale enterprises of all kinds requires that all doubt in construing remedial statutes providing unemployment insurance and old age protection and containing tax impositions should favor coverage rather than exemption. * * * Revenue raising is not the sole purpose in such legislation and the rule of strict construction in favor of the taxpayer is not applicable."

■ Speaking through Judge Stephens, this court made plain its views about some of the practical aspects of the problem we here confront. In North Whittier Heights Citrus Ass'n v. National Labor Relations Board, 9 Cir., 109 F.2d 76, 80 we discussed the nature and functions of commercial packing houses and gave full recognition to the principle that the nature of the work modified by the custom of doing it determines whether the worker is or is not an agricultural laborer. We pointed out that "when the product of the soil leaves the farmer, as such, and enters a factory for processing and marketing *it has entered upon the status of 'industry.'* * * *

---

[2] See Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718, 162 A.L.R. 1445, where the Supreme Court discusses the permissible limits of administrative interpretation.

Such determinations must have a basis in law and be within the authority granted an administrative agency, and it may not determine the scope of its statutory power; that is a judicial function.

The packing house activity is much more than the mere treatment of the fruit. When it reaches the packing house it is then in the practical control of a great selling organization which accounts to the individual farmer under the terms of the statute law and its own by-laws." [Emphasis supplied.]

The emphasis is even greater in the case of wage earners employed in the Rosenberg plant since it was not (like the petitioner in the North Whittier case) a plant owned by an association of member fruit growers operating under corporate form. Rosenberg was a private business corporation organized under the laws of California to conduct a purely commercial operation in the business of buying from farmers and thereafter selling the purchased product for its private profit after processing it. All aspects of a "cooperative" venture are missing in the relations of the Rosenberg plant to its employees and the farmer producers from whom it purchased the fruit it processed in its plant.

While the findings of fact of the Social Security Board are supported by the evidence, we think its decision was incorrect when measured off against the language of the Act and the intent of Congress in adopting the 1939 amendment thereto. The district court was justified in reversing the decision of the Board, and the Summary Judgment of that court setting aside and reversing the decision, dated May 4, 1945, and directing the Board to recompute the benefits to which appellees are entitled under the Act, was proper.

The Summary Judgment is affirmed.