## MILLER v. BETTENCOURT.

No. 11501.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1947.

John F. Sonnett, Asst. Atty. Gen., and Frank J. Hennessy and William E. Licking, Asst. U. S. Attys., and Arthur C. Miller, all of San Francisco, Cal. (J. Francis Hayden, Sp. Asst. to the Atty. Gen., and Hubert H. Margolies, Atty., Dept. of Justice, and Leonard B. Zeisler, of Washington, D. C., of counsel), for appellant.

Arthur L. Johnson, of San Jose, Cal., for appellee.

**Before STEPHENS, HEALY and BONE, Circuit Judges.**

**BONE, Circuit Judge.**

The undisputed facts and the issue of law in this case are similar to those before us in the companion case of Miller, Federal Security Administrator, v. Burger, 9 Cir., 161 F.2d 992.[1] By consent, the record of the Burger case was incorporated in the record in this case and the cases were consolidated for argument in this court.

Appellee was employed by Rosenberg Brothers and Company at its Santa Clara, California plant, the same corporation which employed Burger at its Fresno, California plant. She was first employed by them in January, 1937 and worked for them until March, 1943. She reached the age of sixty-five on March 15, 1943 and on April 13, 1943 filed with the Social Security Board her written application for a wage earner's primary insurance benefit under the Social Security Act. 42 U.S.C.A. § 301 et seq. The claim was disallowed. Appellee was given a hearing before a Referee who also denied her claim and thereafter the Appeals Council sustained these denials.

In all of these proceedings it appears that appellee had satisfied all of the conditions entitling her to primary insurance benefits of the Social Security Act, save and except that she had only nine quarters of the required twelve quarters of coverage necessary to her status as a "fully insured individual" under the terms of the Act and its amendments. This holding of the Board was due to the fact that in making the determination, the Board excluded from consideration all wage credits for services rendered by appellee for Rosenberg Bros. and Company *after* December 31, 1939 on the ground that such services were "agricultural labor" and excluded from employment under the Act, as amended.

If appellee was given credit for the wages so excluded from consideration she would be entitled to the status she claimed and be entitled to primary insurance benefits under the Act, as amended.

For the most part her work consisted of picking fruit off a conveyor belt for sorting. She packed fruit into forms known as "bricks", filled paper boxes or bags and graded dried fruit purchased by her employer from farmer producers of the dried fruit. Her testimony reflected an effort on her part to describe her work, but it boils down to one statement which seems fairly descriptive of all of it when she testified that: "Well, one day I would be in one thing and then again in another. I didn't have one job just exactly. I couldn't say I just done this, because I was moved from one place to another."

In their briefs counsel lay some emphasis on the question as to the time spent by appellee in placing empty fruit cans on a conveyor belt, these cans being used to "package" Government orders for apricots and prunes intended for shipment to climates where decomposition was feared unless such precautions were taken.

■■ Our holding in the Burger case eliminates the necessity for determining whether this contact with these empty fruit cans may or may not have identified this particular activity of appellee with, and made her services a part of, the process of "commercial canning". See Section 409(*l*) (4) of Title 42 U.S.C.A. In the Burger case we held that the lower court was correct in deciding that the employer (as here) was both the "growers' market" and the "terminal market" for the farmer producer of dried fruit. When this producer sold and delivered his product to this (Rosenberg) market he parted with all economic interest in it and in its future form or destiny. This being true, as a matter of law, the labor of appellee in the Rosenberg plant was not "agricultural labor" and the compensation she received from her employer was "wages" within the meaning of the Act, Title 42, U.S.C.A. § 409.

Our reasons for sustaining the Summary Judgment in the Burger case require affirmance in this case and the Summary Judgment entered by the district court is affirmed.

---

[1] Substitution of Watson B. Miller, as appellant herein, was directed by order of a judge of this court dated December 17, 1946.