**Lassie B. TERRELL**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare of the United States of America.**

**Civ. A. No. 68–H–307.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 26, 1969.

Doyle E. Perkinson, Houston, Tex., for plaintiff.

James R. Gough, Asst. U. S. Atty., Houston Tex., for defendant.

*Memorandum and Order*

SINGLETON, District Judge.

This is an action under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (Supp.1969), to review a final decision of the Secretary of Health, Education, and Welfare, denying plaintiff's claim to widow's insurance benefits. This cause is now before the Court on cross motions for summary judgment.

Plaintiff filed an application for widow's insurance benefits on August 17, 1966. Plaintiff claimed entitlement on the account of James Oliver Sills, her deceased former husband. The application was denied and the denial was affirmed upon reconsideration. On October 28, 1967, a hearing was held in Houston, Texas. The hearing examiner rendered his decision on October 30, 1967. He found plaintiff had remarried on November 2, 1966, prior to the time she had attained age sixty, and thus she was not entitled to widow's benefits on her deceased husband's account.

At the hearing plaintiff testified that she had made inquiry at the local office of the Social Security Administration with regard to the effect of her remarriage on her entitlement to widow's insurance benefits. She testified that an employee of the Social Security Administration assured her that remarriage would not affect her Social Security benefits. In reliance on this misinformation, plaintiff remarried twenty-six days before her sixtieth birthday. She testified that she would not have remarried when she did, if she had known that as a consequence of the remarriage she would lose her widow's benefits.

The hearing examiner found that plaintiff's story "has a ring of truth in it and I credit her fully with the testimony that she has given." After reviewing the record, this Court is convinced that all of the hearing examiner's findings are supported by substantial evidence. Plaintiff does not dispute the hearing examiner's findings of fact. The dispute before the Court is one of law. Plaintiff contends that the doctrine of equitable estoppel applies to the facts at hand. An employee of the government misrepresented a material fact

to plaintiff and she relied on that misrepresentation to her detriment. Therefore, plaintiff contends that the government should be estopped from denying her the widow's insurance benefits.

Section 202(e) of the Social Security Act, as amended, 42 U.S.C. § 402(e) (Supp.1969), in part, reads as follows:

"(e) (1) The widow (as defined in section 416(c) of this title) and every surviving divorced wife * * * of an individual who died a fully insured individual, if such widow or such surviving divorced wife—

"(A) is not married,

＊　＊　＊　＊　＊　＊

"(4) If a widow, after attaining the age of 60, marries *. * * such marriage shall, for purposes of paragraph (1) of this subsection, be deemed not to have occurred * * *."

Thus, if a widow remarries before age sixty, she forfeits her right to widow's insurance benefits. It is clear that plaintiff has not complied with the provisions of the Act. Unless the government is estopped to deny plaintiff the widow's insurance benefits, the decision of the hearing examiner must be affirmed.

"It is an established proposition that estoppel cannot be set up against the Government on the basis of an unauthorized representation or act of an officer or employee who is without authority in his individual capacity to bind the Government." Byrne Organization Inc. v. United States, 287 F.2d 582, 587 (Ct.Cl. 1961). See also, Massaglia v. C.I.R., 286 F.2d 258 (10th Cir. 1961); Ewing v. Risher, 176 F.2d 641 (10th Cir. 1949); Southern Hardwood Traffic Assoc. v. United States, 283 F.Supp. 1013 (W.D. Tenn. 1968); Flamm v. Ribicoff, 203 F.Supp. 507 (S.D.N.Y. 1961); Taylor v. Flemming, 186 F.Supp. 280 (W.D. Ark. 1960).

There is no doubt that the local employee of the Social Security Administration who purportedly misinformed plaintiff was not authorized to make the representation in question.

Ewing v. Risher, *supra;* Flamm v. Ribicoff, *supra;* and Taylor v. Flemming, *supra,* are all cases in which local Social Security employees allegedly misinformed claimants. In each case the courts ruled that estoppel would not apply. In *Taylor,* a plaintiff seeking dependent parent's insurance benefits was erroneously informed that she did not have to file a proof of support. In ruling that estoppel did not apply the Court said:

"It is apparent that plaintiff is attempting to assert some type of estoppel against the defendant; however, no cases are cited in support of this position. If Mrs. Taylor did rely to her detriment upon such a statement, it is indeed unfortunate. However, the Government cannot be estopped from insisting upon performance of statutory conditions precedent by the unauthorized acts of an employee of a local Social Security Office." *Id.* at 284.

The right to widow's insurance benefits that plaintiff seeks to enforce here is one created by statute, not by common law. Plaintiff must comply with the statutory requirements in order to have an enforceable right. The unauthorized act of a government employee cannot vary the requirements established by Congress.

There are instances in which the doctrine of equitable estoppel may be applied against the Government. In most instances the doctrine is only applied when:

"* * * (1) the Government has waived sovereign immunity from liability and from suit, (2) the agent by whose conduct the Government is sought to be bound acted within the limits of authority lawfully conferred, and (3) the estoppel claimed would give the citizen nothing more than that which admittedly is his substantive right, and would not work a violation of law." Smale & Robinson, Inc.

v. United States, 123 F.Supp. 457, 467 (S.D. Calif. 1954).

It is clear that the present case does not meet the above standard, particularly in that the agent in question acted beyond the limits of his authority, and the granting of estoppel here would work a violation of the Social Security Act.

Therefore, for the reasons set forth above, defendant's motion for summary judgment should be granted.