**EWING, Federal Security Adm'r v. RISHER.**

No. 3869.

United States Court of Appeals Tenth Circuit.

Aug. 12, 1949.

642

Leonard B. Zeisler, Washington, D. C. (H. G. Morison, Assistant Attorney General; Robert E. Shelton, United States Attorney, Oklahoma City, Okl., Edward H. Hickey, Special Assistant to the Attorney General, and Joseph B. McGrath, Attorney, Department of Justice, Washington, D. C., on the brief), for appellant.

Ralph B. Simcoe, Stillwater, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellee, Mary G. Risher, the widow of Howard C. Risher, deceased, instituted this action to recover primary insurance benefits and widow's insurance benefits under the provisions of the Social Security Act, 42 U.S.C.A. § 402.

The undisputed evidence establishes that on June 24, 1941, Howard C. Risher filed an application for primary insurance benefits. The Bureau of Old-Age and Survivors Insurance of the Social Security Board, now the Social Security Administration, disallowed the claim on August 9, 1941, on the ground that his wage record showed no wage reportings by his employer and held that he was not a fully insured individual. He was notified of this determination on August 12, 1941. The notification informed him of his right to request either that his claim be reconsidered by the Bureau of Old-Age and Survivors Insurance or that a hearing be held on the same by a Referee of the Social Security Board, and that the request for reconsideration or hearing should be made promptly and not later than six months from the date of the letter.

On March 24, 1942, Risher filed a request for reconsideration and was advised that the case would be reconsidered. No further action was taken by the Bureau until sometime in June, 1946, when the Bureau reversed its original determination, now holding that an employer-employee relationship existed between Risher and his employer and that he was a fully insured individual. In the meantime, Risher had died on September 12, 1942, and his widow, the appellee, had reached the age of 65 in February, 1944. Thereafter, on July 9, 1946, she filed her application for a lump-sum payment of death benefits and for widow's insurance benefits from February, 1944, the date on which she became 65 years of age. Her claim for a lump-sum payment of death benefits was denied on the ground that the claim was not filed within two years of the date of her husband's death, and her claim

for widow's insurance benefits was allowed only for the period of time beginning April, 1946, three months previous to the month in which the application was filed, on the ground that her right for such benefits in preceding months was lost by her failure to file a timely application therefor.

Appellee thereupon instituted this action in the United States District Court for the Western District of Oklahoma, in which she asked judgment for a lump-sum award in the amount of $190.68, and widow's insurance benefits in the amount of $619.84, or a total sum of $810.52. Judgment was entered in her favor for this amount and the Administrator has appealed.

The correctness of the judgment requires a consideration of the following sections of the Social Security Act, 42 U. S.C.A. §§ 402(d) and 402(g).[1]

---

[1] These sections read as follows:

"Section 402(d) (1) Every widow (as defined in section 409(j) of this title) of an individual who died a fully insured individual after December 31, 1939, if such widow (A) has not remarried, (B) has attained the age of sixty-five, (C) has filed application for widow's insurance benefits, (D) was living with such individual at the time of his death, and (E) is not entitled to receive primary insurance benefits, or is entitled to receive primary insurance benefits each of which is less than three-fourths of a primary insurance benefit of her husband, shall be entitled to receive a widow's insurance benefit for each month, beginning with the month in which she becomes so entitled to such insurance benefits and ending with the month immediately preceding the first month in which any of the following occurs; she remarries, dies, or becomes entitled to receive a primary insurance benefit equal to or exceeding three-fourths of a primary insurance benefit of her husband.

"(2) Such widow's insurance benefit for each month shall be equal to three-fourths of a primary insurance benefit of her deceased husband, except that, if she is entitled to receive a primary insurance benefit for any month, such widow's insurance benefit for such month shall be reduced by an amount equal to a primary insurance benefit of such widow."

"Section 402(g) Upon the death, after December 31, 1939, of an individual who

died a fully or currently insured individual leaving no surviving widow, child, or parent who would, on filing application in the month in which such individual died, be entitled to a benefit for such month under subsection (c), (d), (e), or (f) of this section, an amount equal to six times a primary insurance benefit of such individual shall be paid in a lump-sum to the following person (or if more than one, shall be distributed among them) whose relationship to the deceased is determined by the Board, and who is living on the date of such determination: To the widow or widower of the deceased; or, if no such widow or widower be then living, to any child or children of the deceased and to any other person or persons who are, under the intestacy law of the State where the deceased was domiciled, entitled to share as distributees with such children of the deceased, in such proportions as is provided by such law; or, if no widow or widower and no such child and no such other person be then living, to the parent or to the parents of the deceased, in equal shares. A person who is entitled to share as distributee with an above-named relative of the deceased shall not be precluded from receiving a payment under this subsection by reason of the fact that no such named relative survived the deceased or of the fact that no such named relative of the deceased was living on the date of such determination. If none of the persons described in this subsection be living on the date of such determination,

The Administrator took the position in the court below, as he does here, that appellee's failure to file her claim within two years of the death of her husband completely extinguished her right to the lump-sum benefits and that her claim for widow's insurance benefits was limited to the three-month period preceding the month in which she filed her application. For reason which presently shall appear, we think these contentions are correct and require a reversal of the judgment.

■■ A creative right is one which is conferred by statute as distinguished from one which stems from the common law. The nature of such a right, its quality and character, are dependent upon the statute creating it. The rule is well settled that where a statute creates a right, such as the one in this case, unknown to the common law and limits the time within which the right must be asserted, the limitation defines and controls the right and the right ceases to exist if not asserted within the time fixed in the statute therefor. In Matheny v. Porter, 10 Cir., 158 F.2d 478, 479, in speaking of a similar statutory right, this court said:

"It creates the right of action and fixes the time within which a suit for the enforcement of the right must be commenced. It is a statute of creation, and when the period fixed by its terms has run, the substantive right and the corresponding liability end. Not only is the remedy no longer available, but the right of action itself is extinguished. The commencement of the action within the time is an indispensable condition of the liability." [2]

The language of the pertinent part of Section 402(g) is clear, positive, and mandatory. It provides that: "No payment

shall be made * * * unless application therefor shall have been filed * * * prior to the expiration of two years after the date of the death of such insured individual."

■■ Filing the application within the statutory time was a necessary incident of the right conferred by the act, and failing to comply therewith extinguished appellee's right to the lump-sum benefits. It is true that the statute is a remedial one and should be liberally administered to effectuate the congressional purpose, but the congressional purpose must be ascertained from the clear language of the act. While a liberal interpretation should be indulged, such a policy does not warrant adopting a construction inconsistent with the clear wording of the act in order to prevent loss to a claimant resulting from failure to file an application as required by the act.

■■ While not decisive nor fundamental to the issues presented, the claim that appellee was misled to her detriment by the Bureau's action in disallowing the husband's claim on the ground that he was not an employee has no legal standing. Appellee knew that her right as his widow to these benefits depended upon his employee status. She also knew at all times that he claimed to be such an employee and that at the time of his death he had an appeal pending challenging the finding that he was not an employee. In law she was bound to know that she must file her application within two years, if she intended to assert a claim to these benefits as his widow founded on the ground that he was an employee. Knowing that her right to these benefits depended upon a reversal of the Bureau's original order and upon an entry of an order finding that her husband

---

such amount shall be paid to any person or persons, equitably entitled thereto, to the extent and in the proportions that he or they shall have paid the expenses of burial of the deceased. No payment shall be made to any person under this subsection, unless application therefor shall have been filed, by or on behalf of any such person (whether or not legally competent, prior to the expiration of two years after the date of death of such individual."

[2] For other cases, see:

The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Midstate Horticultural Co., Inc. v. Pennsylvania R. Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96; Young v. Hoage, 67 App.D.C. 150, 90 F.2d 395; William Danzer & Co. v. Gulf R. Co., 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126; Adams v. Albany, D.C., 80 F.Supp. 876.

was an employee, she was not misled by the pending proceedings in review. The most that can be said is that she misconstrued the legal effect of the same upon her duty to file a timely application. But such misconstruction could not extend her right which expired and ceased to exist two years after her husband's death, when no application for the benefits had been filed as required by the statute.

■ What has been said with regard to appellee's application for lump-sum benefit payments applies with equal force to her application for widow's insurance benefits. She became entitled to these benefits in February, 1944, when she reached the age of 65, but she did not file her application therefor until July, 1946. Benefits were awarded her beginning with the three months preceding the month in which she filed her application. She claims the right to receive them from February, 1944, when she reached the age of 65. But Section 402(d), among others, conditions her right to receive these benefits upon the filing of an application,[3] and Section 402(h) clearly indicates that if the application for monthly benefits is not filed in the month in which the applicant is entitled to re- ceive them, benefits will be limited to the three months preceding the month in which the belated application is filed.[4] That this was the construction that Congress put upon the benefits to be paid under these sections is indicated by the report of the Senate Committee on Finance on the Social Security Amendments of 1939.[5]

The Administrator awarded appellee these benefits for the three months preceding the month in which her application was filed, but denied her application for the months preceding this period of time. In this the Administrator was correct. Her right to preceding months' benefits expired with her failure to file a timely application therefor.

In view of the conclusions we have reached on the two main issues in the case, it will not be necessary to pass upon the assignments urging that estoppel may not be asserted against an agency or officer of the United States, or that the jurisdiction of the court below was limited and that it was without jurisdiction to make findings of fact or award a money judgment.

Reversed.

---

[3] Section 402(d) in part provides that a qualified widow is entitled to such benefits if (A) she has not remarried, (B) has attained the age of 65, (C) has filed application for widow's insurance benefits.

[4] Section 402(h) provides that: "An individual who would have been entitled to a benefit under subsection (b), (c), (d), (e), or (f) for any month had he filed application therefor prior to the end of such month, shall be entitled to such benefit for such month if he files application therefor prior to the end of the third month immediately succeeding such month."

[5] Concerning Section 402(h), the report states: "This subsection provides that an individual who would have been entitled to an insurance benefit under subsection (b), (c), (d), (e), or (f) of this section for any month, if he had filed his application for such benefit during such month, shall be entitled to such benefit for such month if he files application for it before the end of the third month immediately succeeding such month."

In explaining the workings of this section, the report continues: "If, for example, in March a widow has fulfilled all eligibility conditions under section 202(d) [5a] except the filing of her application, and files application in June, she will be entitled to a benefit for March, April, May and June, and thereafter, as if she had filed her application in March. Similarly, if she files application in July, she will be entitled to a benefit for April, May, June, July, and thereafter just as if she had filed her application in April."

To the same effect, also see H. Rep. No. 728, Pages 36-37, 40, 76th Congress, First Session.

---

[5a] Section 202(d) is Section 402(d), 42 U.S.C.A.