**John O. BOMER, Jr., Plaintiff-Appellant,**

v.

**Abraham RIBICOFF, Secretary of Health, Education and Welfare, Social Security Administration, Health, Education and Welfare Administration, Joe Eans, Manager, Local Office, Defendants-Appellees.**

No. 14820.

United States Court of Appeals
Sixth Circuit.

Decided June 25, 1962.

John O. Bomer, Jr., Memphis, Tenn., in pro. per., and on the brief.

Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn. (Thomas L. Robinson, U. S. Atty., Joe N. Hopper, Asst. U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

On August 4, 1959, the Appeals Council of the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare, denied appellant's request for a review of a decision of a referee (now designated as Hearing Examiner) denying appellant's claim for increased benefits under Title II of the Social Security Act as amended, Section 402, Title 42 U.S.C.A. The appellant was notified by letter of this ruling and was advised that the referee's decision stood as the final administrative decision on his claim, and that if he desired a review of the referee's decision he could file a civil action in the United States District Court in the judicial district in which he resided within sixty days thereafter, in accordance with the provisions of Section 205(g) of the Social Security Act, as amended. Section 405(g), Title 42 U.S.C.A.

On September 30, 1959, appellant filed an action in the United States District Court for the Western District of Tennessee designating Arthur S. Flemming, Secretary of Health, Education and Welfare, and others, as defendants, seeking a review of the above ruling. On May 5, 1960, at appellant's instance, the following order was entered in that action:

"In this cause, on motion of Plaintiff and by consent, it is Ordered that the complaint be dismissed, without prejudice, at Plaintiff's costs."

On May 1, 1961, appellant filed the present action in the same court, designating Abraham Ribicoff, Secretary of Health, Education and Welfare, and others, as defendants, seeking recovery of the benefits to which he claimed to be entitled, and, in effect, seeking a review of the prior adverse administrative ruling on his claim.

On June 23, 1961, the defendants moved to dismiss the action in that appellant failed to commence the action within the sixty-day period after notice of the final decision on August 4, 1959, as required by Section 405(g), Title 42 U.S.C.A.

On September 5, 1961, appellant filed a motion in this case to set aside the order of May 5, 1960, in the prior case dismissing that action and to reinstate that action in this case. He also made an oral motion in the present case for an order directing the Social Security Administration to extend the time for the filing of this action.

On September 29, 1961, the District Judge entered an order overruling the oral motion and also dismissing the present action. The record on this appeal does not show that any ruling was made on the motion to reinstate the prior action and that question is not before us on this appeal.

An action dismissed without prejudice leaves the situation the same as if the suit had never been brought. A.

B. Dick Co. v. Marr, 197 F.2d 498, 502, C.A.2nd; cert. denied, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680, rehearing denied, 344 U.S. 905, 73 S.Ct. 282, 97 L.Ed. 699; Bryan v. Smith, 174 F.2d 212, 214, C.A. 7th. In the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending. Humphreys v. United States, 272 F.2d 411, 412, C.A.9th; Willard v. Wood, 164 U.S. 502, 523, 17 S.Ct. 176, 41 L.Ed. 531; DiSabatino v. Mertz, 82 F.Supp. 248, 249–250, M.D.Pa.

 The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right must be asserted. Such conditions operate as a condition of liability rather than as a period of limitation and there can be no recovery unless the condition precedent is fulfilled. Zeller v. Folsom, 150 F.Supp. 615, 617, N.D.N.Y.; Coy v. Folsom, 228 F.2d 276, 279–280, C.A.3rd; Ewing v. Risher, 176 F.2d 641, C.A.10th; Scott v. Railroad Retirement Board, 227 F.2d 684, 686, C.A.7th. The exchange of letters between the appellant and the Social Security Administration relied upon by appellant as constituting an "understanding" between them that the action could be later refiled, took place after the order of dismissal had been entered and obviously did not operate as an inducement to the appellant to enter the order of dismissal. Nor could it operate as a change or amendment of the statutory provisions creating the right. Not having filed the present action to review the adverse administrative ruling within the sixty days provided by the statute, the right provided by the statute ceased to exist, and the present action was properly dismissed. Ewing v. Risher, supra, 176 F.2d 641, 644, C.A.10th; Frost v. Ewing, 13 F.R.D. 432, D.C.Pa.

█ We find no merit in appellant's contention that the District Court should have ordered the Social Security Administration to extend the time for the filing of this action. The jurisdiction of the District Court is limited by the statute to a review of the decision of the Secretary. Thompson v. Social Security Board, 81 U.S.App.D.C. 27, 154 F.2d 204; Randall v. Flemming, 192 F.Supp. 111, 115, D.C.Mich. The statute gives the Secretary the discretion to allow further time in which to file the action, but does not confer upon the Court the right to compel him to do so. Section 405(g), Title 42 U.S.C.A.

The judgment is affirmed.