489 F.2d 525
 6 Fair Empl.Prac.Cas. 1163,
7 Fair Empl.Prac.Cas. 486,
6 Empl. Prac. Dec. P 8963,
8 Empl. Prac. Dec. P 9459
Willie JOHNSON, Jr., Plaintiff-Appellant,
v.
RAILWAY EXPRESS AGENCY, INC., et al., Defendants-Appellees.
 No. 73-1306.
 United States Court of Appeals, Sixth Circuit.
 Argued Oct. 11, 1973.
Decided Nov. 27, 1973, Rehearing Denied Jan. 15, 1974.
 
 William L. Robinson, New York City, for plaintiff-appellant; William E. Caldwell and Ural B. Adams, Jr., Ratner, Sugarmon & Lucas, Memphis, Tenn., Jack Greenberg, New York City, on brief.
 George E. Morrow and Saul C. Belz, Memphis, Tenn., for defendants-appellees; Saul C. Belz, Burch, Porter & Johnson, Martin, Tate, Morrow & Marston, Memphis, Tenn., and James L. Highsaw, Highsaw & Mahoney, Washington, D.C., on brief.
 Before WEICK, Circuit Judge, O'SULLIVAN, Senior Circuit Judge, and ALLEN,* District Judge.
 WEICK, Circuit Judge.
 
 
 1
 This appeal is from an order of the District Court dismissing plaintiff's complaint which alleged employment discrimination. crimination.
 
 
 2
 Plaintiff-appellant, Willie Johnson, filed timely charges with Equal Employment Opportunity Commission (EEOC) 1967 in which he alleged that his employer, Railway Express Agency, Inc. (REA), discriminated against him with regard to seniority rules and job assignments. Johnson further asserted that he had been discharged by REA because of his race (black). Johnson also charged the Brotherhood of Railway Clerks Tri-State Local and the Lily of the Valley Local with maintaining segregated Locals.
 
 
 3
 On December 22, 1967 EEOC filed a report concluding that the company and the unions had engaged in discriminatory practices; however, it was not until January 15, 1971 that Johnson received his notice of right to sue letter from EEOC. Initially Johnson was unable to retain a lawyer to file suit authorized by the letter. On February 12, 1971 District Judge Bailey Brown allowed Johnson to file the EEOC notice-letter with the Clerk as satisfying the duty to institute suit within thirty days from date of receiving notice. Judge Brown further allowed Johnson to proceed in forma pauperis and appointed an attorney to represent him. The court-appointed attorney filed an amended complaint on March 18, 1971, setting forth in more detail Johnson's claims.
 
 
 4
 At this point both defendants moved for summary judgment supported by affidavits. The unions also propounded to plaintiff interrogatories, which he answered. Plaintiff submitted no affidavits in opposition to these motions.
 
 
 5
 On June 14, 1971 the Court entered an order which-- (1) dismissed all claims based on statutes other than Title VII of the 1964 Civil Rights Act as barred by Tennessee's one-year statute of limitations, (2) denied the defendants' claims that the filing of the EEOC notice-letter was insufficient to meet the thirty-day filing requirement, (3) granted the two unions' motions for summary judgment, holding that the plaintiff had no claim against them under the 1964 Civil Rights Act, (4) granted the motion of REA for summary judgment regarding improper supervisory training, and (5) denied REA's motion for summary judgment regarding Johnson's claims of discriminatory discharge, denial of promotional opportunities, and discrimination in job assignment.
 
 
 6
 After this ruling, REA offered Johnson one hundred fifty dollars in settlement of the case; Johnson refused. Subsequently the case was assigned for trial and Johnson's court-appointed attorney, with the Court's permission, withdrew from the case on January 14, 1972. On that date the Clerk of the District Court, acting pursuant to the Court's direction, wrote a letter to Johnson giving him thirty days in which to obtain a new attorney or have his case dismissed without prejudice. Johnson did not obtain a new attorney within such time, and on February 16, 1972 Judge Brown entered an order dismissing the action without prejudice. We need not determine the propriety of this order because it was a final order from which no appeal was taken.
 
 
 7
 On February 17, 1972 William Caldwell, now one of Johnson's lawyers, wrote to Judge Brown informing him that he, Caldwell, was looking for financial support which would enable him to take Johnson's case. The letter was clearly not an announcement that Caldwell was his counsel; the letter stated only that he might be Johnson's counsel at some point in the future. Later Caldwell found such financial support and did undertake to represent Johnson. On May 31, 1972 a second complaint was filed against REA and the unions, with Caldwell acting as counsel for Johnson.
 
 
 8
 All of the defendants moved for dismissal or, in the alternative, for summary judgment. The case was assigned to District Judge Wellford, who ruled on these motions on January 25, 1973. First, the Court dismissed Johnson's claims against the unions on grounds of res judicata, holding that the present suit involved the same parties and the same subject matter decided in the first action where summary judgment was granted by Judge Brown. Second, the Court held that Johnson's claims of violation of his civil rights under 42 U.S.C. 1981 through 1988, were barred by Tennessee's one-year statute of limitations. Third, the Court found that Johnson did not pursue properly his administrative remedies under the Railway Labor Act. Fourth, the Court held that res judicata barred Johnson's claims against REA on the issue of supervisory training. Fifth, the Court ruled that Johnson's failure to refile a lawsuit within thirty days from February 16, 1972 (the date of dismissal without prejudice) resulted in a failure to comply with the thirty-day filing requirement.
 
 
 9
 We will deal first with the thirty-day filing requirement since failure to meet it results in a lack of jurisdiction. Goodman v. City Prods. Corp., 425 F.2d 702 (6th Cir. 1970).
 
 
 10
 Johnson contends that he was not required to file suit within thirty days after dismissal without prejudice. He argues that the only statutory requirement is that he file his original suit within thirty days after receipt of his notice-letter. We disagree. We rely on our decision in Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962), and the decision in McClendon v. North American Rockwell Corp., 2 CCH Cmployment Prac. Dec., Par. 10,243 (C.D.Cal.1970).
 
 
 11
 In Bomer, plaintiff's request for increased benefits under the Social Security Act was denied on August 4, 1959. He was advised that he could file a civil action within sixty days, challenging this determination, since there was a statutory procedure for such challenge within that time span. He filed such suit on September 30, 1959. On May 5, 1960, on his motion his case was dismissed without prejudice. Plaintiff later refiled his action on May 1, 1961. The Government moved to dismiss, contending that the plaintiff failed to commence suit within sixty days after notice of the final decision on August 4, 1959. The District Judge granted the Government's motion and dismissed the case. In affirming, Judge Shackelford Miller wrote for a unanimous court:
 
 
 12
 An action dismissed without prejudice leaves the situation the same as if the suit had never been brought. A. B. Dick Co. v. Marr, 197 F.2d 498, 502, C.A. 2nd; cert. denied, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680, rehearing denied, 344 U.S. 905, 73 S.Ct. 282, 97 L.Ed. 699; Bryan v. Smith, 174 F.2d 212, 214, C.A. 7th. In the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending. Humphreys v. United States, 272 F.2d 411, 412, C.A. 9th; Willard v. Wood, 164 U.S. 502, 523, 17 S.Ct. 176, 41 L.Ed. 531; DiSabatino v. Mertz, 82 F.Supp. 248, 249-250, M.D.Pa.
 
 
 13
 The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right must be asserted. Such conditions operate as a condition of liability rather than as a period of limitation and there can be no recovery unless the condition precedent is fulfilled. Zeller v. Folsom, 150 F.Supp. 615, 617, N.D.N.Y.; Coy v. Folsom, 228 F.2d 276, 279-280, C.A. 3rd; Ewing v. Risher, 176 F.2d 641, C.A. 10th; Scott v. Railroad Retirement Board, 227 F.2d 684, 686, C.A. 7th. (304 F.2d at 428, 429)
 
 
 14
 Additionally, in Kington v. United States, 396 F.2d 9 (6th Cir. 1968), we held that filing of previous actions in state and federal courts, which were voluntarily dismissed, did not toll the two-year statute of limitations of the Federal Tort Claims Act. 28 U.S.C. 2401(b).
 
 
 15
 McClendon, supra, is the case factually closest to the one at bar. There, plaintiff received a right to sue letter on January 15, 1968, and filed an action on January 19, 1968 which was dismissed without prejudice on September 9, 1969. On October 29, 1969, fifty days later, the plaintiff filed another complaint, identical to the first. Defendant moved for dismissal on the ground that the court lacked subject matter jurisdiction since the complaint was not filed within thirty days following receipt of the right to sue letter.
 
 
 16
 In McClendon the District Court noted that the effect of voluntary dismissals without prejudice, absent a savings statute, was to create a situation the same as though the suit had never been brought. The Court stated:
 
 
 17
 Even assuming that the jurisdictional time period should begin to run anew as of the date of voluntary dismissal was entered, such a position would be of no benefit to plaintiff in this case. Dismissal was ordered on September 9, 1969. Suit, however, was brought on October 29, some fifty days later. Thus even if the Section 705(e) time period of thirty days was tolled by the first suit, plaintiff's new suit would still be jurisdictionally defective. 2 CCH E.P.Dec. at 974.
 
 
 18
 Although Bomer and McClendon are authority for the proposition that the filing of a suit which was dismissed without prejudice did not toll the thirty-day filing requirement of Title VII, the District Court was of the View that the complaint should have been refiled within thirty days after such dismissal. But, even extending the time an additional thirty days, the new suit was still jurisdictionally defective because it was not filed within that time.
 
 
 19
 We are of the opinion that the District Court was clearly correct in holding that at a minimum Johnson had to file the new case within thirty days from the date of dismissal without prejudice.
 
 
 20
 Any other holding would result in plaintiff's having no time limitation to refile in this type of an action after the action had been dismissed without prejudice. Such latitude for a plaintiff would create uncertainty, delay in processing his claim, and the possibility of stale claims being pursued. Here, the claim was already stale before the initial suit was filed. 42 U.S.C. 2000e-5(e) was meant to eliminate such possibilities.
 
 
 21
 Any error that was committed was an error in favor of appellant Johnson. He failed to comply even with the District Court's liberal interpretation of the requirement by his failure to file within thirty days after dismissal. The Title VII claims are thus barred since the Court was without jurisdiction to hear the charges set forth in the new complaint filed on May 31, 1972.
 
 
 22
 The second question for consideration is whether Johnson's claims under 42 U.S.C. 1981, 1982 and 1983, were time-barred by a Tennessee statute of limitations. Both Judge Brown's first ruling and Judge Wellford's later order found that these claims were time-barred. We agree. It is the duty of Federal Courts to apply the state statute of limitations most analogous to these actions. Appellant agrees with this but differs only as to what is the most analogous statute.
 
 
 23
 We feel that the most analogous statute is Title 28, Section 304, of the Tennessee Code. It reads as follows:
 
 
 24
 Personal tort actions-- Malpractice of attorneys-- Civil rights actions-- Statutory penalties.-- Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and statutory penalties shall be commenced within one (1) year after cause of action accrued.
 
 
 25
 Appellant contends that while this state statute, Section 304, is appropriate for Sections 1983 and 1985 actions, it is not appropriate for 1981 actions. However, Snyder v. Swann, 313 F.Supp. 1267 (E.D.Tenn.1970), held this precise statute applicable to a Section 1981 action.
 
 
 26
 Appellant further contends that his complaint sounds in contract and is governed by a six-year statute of limitations. In our opinion, the complaint sounds in tort rather than in contract. Moreover, the very language of the state statute refers to 'civil actions . . . brought under the federal civil rights statutes.' Thus, the tort-contract dichotomy does not have to be resorted to, given the preciseness of the state statute.
 
 
 27
 Finally on this point, appellant argues that filing of the charges with the EEOC tolls the statute of limitations under 42 U.S.C. 1981. We reject this claim. In Williams v. Hollins, 428 F.2d 1221 (6th Cir. 1970), we declined to toll the statute in a section 1983 action during the time when plaintiff was in a Tennessee jail, since Section 301 of Title 28 of the Tennessee Code did not contain any such savings clause. In addition, appellant concedes the Title VII and Section 1981 claims are independent. Thus, no reason exists for stopping the runing of a state statute of limitations while a charge is pending before the EEOC.
 
 
 28
 We have considered other points assigned as error, but in view of our desposition of the case they do not require discussion.
 
 
 29
 The judgment of the District Court is affirmed.
 
 ORDER ON PETITION FOR REHEARING
 
 30
 This cause came on to be heard on the petition for rehearing, with a suggestion that it be heard en banc; and no Judge having requested that a vote be taken on whether said petition should be heard en banc, the petition for rehearing was referred to and was considered and determined by the panel.
 
 
 31
 The basis of the first part of our opinion was that when a Title VII (1964 Civil Rights Act) action was dismissed without prejudice, the plaintiff against whom the order was entered had thirty days to refile the complaint. /1/ Failure to meet this requirement was held to result in a jurisdictional defect.
 
 
 32
 Appellant's basic argument in his brief supporting the petition for rehearing is that the Tennessee Savings Statute, T.C.A. 28-106, grants an entire year after such dismissal without prejudice to refile in the State Court. Appellant argues that this state statute is applicable because the federal statute involved gives no guidance as to time limitations.
 
 
 33
 It is clear that in civil rights actions brought under 42 U.S.C. 1981 through 1988, a state statute of limitations is looked to because the federal statute is silent. Madison v. Wood, 410 F.2d 564 (6th Cir. 1969). However, Title VII of the 1964 Civil Rights Act is far from silent in regard to a limitations period for actions brought pursuant to the Act. It grants to claimants thirty days from the date of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) within which to file suit in the Federal District Court.
 
 
 34
 The state statute of limitations and its savings clause are never reached in this case because the federal statute is not silent. While the language of the federal statute may not cover the situation precisely, it indicates a clear policy that should be looked to before a state statute is embraced. The federal statute provides that claimants have thirty days from receipt of a right-to-sue letter, to file law suits. If they have only thirty days to file initially, it is difficult to see why claimants should have more than thirty days to refile after dismissal without prejudice, particularly when such refiling is ordered by the Court.
 
 
 35
 The requirement of refiling within thirty days seems ample time. A complaint is easily drawn and filed; indeed, in this case all that need be done is to refile the original complaint. In these cases of alleged employment discrimination, there is no latent injury waiting to be discovered which would justify an extended period of time in which to refile. The complainant already knew what his grievance was, as it had been pending before EEOC for more than three years before he was authorized to file suit in the District Court. There is no reason not to expect expeditious processing of such claims in accord with a thirty-day requirement.
 
 
 36
 The second basis for our decision was that appellant's civil rights claims under 42 U.S.C. 1981 were barred by the Tennessee one-year statute of limitations, T.C.A. 28-304. Appellant's employment was terminated in June, 1967, and the complaint was not filed until March 18, 1971. T.C.A. 28-304 applies to 'civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes . . ..' Appellant appears not to attack the controlling nature of this statute but rather its constitutionality. Appellant argues that the statute is arbitrary since it places the same limitations period on all federal civil rights statutes.
 
 
 37
 We see nothing about the statute that ciolates equal protection or due process rights of any individual. T.C.A. 28-304 is not directed solely at civil rights claims, and even if it were, it would not necessarily be arbitrary in a constitutional sense. The statute applies also to a wide variety os personal tort actions and to claims of malpractice against attorneys.
 
 
 38
 Appellant relies on Hunter v. Erickson, 393 U.S. 385, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969) and suggests that this statute os limitations creates an explicit racial classification. This contention is obviously unfounded because citizens of all races are entitled to take advantage of the federal civil rights statutes.
 
 
 39
 Finally, appellant argues that the filing of his Title VII claim with the EEOC tolls the state statute regarding his claims under 42 U.S.C. 1981. In a letter supplimenting his brief supporting his petition for reconsideration, appellant cites Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979, 994-995 (1973), in which the Court stated in a footnote (n. 30) that the filing of charges with the EEOC tolled the statute of limitations on a Section 1981 action. We decline to adopt this position.
 
 
 40
 It appears to us that the footnote in Macklin v. Spector, supra, is inconsistent with the rationale in the text of the opinion. Spector had argued that since no complaint had been lodged with the EEOC, plaintiff's Section 1981 action had to be dismissed. The Court held, and we think correctly, that no exhaustion of EEOC procedures was necessary to bring a Section 1981 claim, because 1981 constitutes a cause of action separate and independent from a Title VII claim. The Court said:
 
 
 41
 '. . . Section 1981 and Title VII, in truth, provide for such radically different schemes of enforcement and differ so widely in their substantive scopes that using the policies behing the latter to create procedural barriers to actions under to former would stretch to the breaking point courts' customary duty to accommodate allegedly conflicting legislation.' 478 F.2d at 996.
 
 
 42
 If the two actions 'differ so widely in their substantive scopes' the filing of one should not toll the statute of limitations on the other. The Court suggested in the relevant footnote that the basic reason for such tolling was a Congressional desire to favor informal means of accommodation provided for under Title VII. We think that there is enough flexibility in the federal trial system so that conciliation processes will not be destroyed if a Section 1981 case is heard while a Title VII claim is being processed. Jenkins v. General Motors Corp., 354 F.Supp. 1040 (D.Del.1973).
 
 
 43
 In Jenkins the Court also held that no tolling effect on 1981 claims took place with the filing of Title VII charges with the EEOC. The Court relied heavily on Tel. & Tel. Co., 438 F.2d 757 (3d Cir.1971). Young held that Title VII claims Young held that Title VII imposed and 1981 claims were separate and independent, and that Title VII imposed and that Title VII imposed no jurisdictional barriers to a 1981 action. We agree with this reasoning and with that encluded in the text of the opinion in Macklin v. Spector, supra.
 
 
 44
 The petition for rehearing is denied.
 
 
 
 *
 The Honorable Charles M. Allen, Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The District Court held that many of the issues raised by the plaintiff in his second suit were decided against him in the first action in which the Court granted summary judgment against the plaintiff, and reconsideration was barred by the doctrine of res judicata. Johnson did not appeal from these summary judgments. We agree with the District Court that the unions have a complete defense on the ground of res judicata, and that the company likewise has such defense only so far as the claim of improper supervisory training is concerned