**Joe L. HALL, Plaintiff-Appellant,**

v.

**The KROGER BAKING COMPANY, Defendant-Appellee.**

**No. 74–1160.**

United States Court of Appeals, Sixth Circuit.

Aug. 12, 1975.

James T. Allison, Ratner, Sugarmon & Lucas, Memphis, Tenn., for plaintiff-appellant.

James W. McDonnell, Jr., Canada, Russell & Turner, J. Heiskell Weatherford, III, Robert M. Johnson, Memphis, Tenn., for defendant-appellee.

William A. Carey, General Counsel, Joseph T. Eddins, Associate General Counsel, Beatrice Rosenberg, Charles L. Reischel, Charles Hodge, Washington, D. C., for Equal Employment Opportunity Commission, amicus curiae.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

By an order previously entered herein, our further consideration of the appeal in this case was stayed pending the Supreme Court's review of our opinion in *Johnson v. Railway Express Agency,* 489 F.2d 525 (1973). It now appears, however, that the grant of certiorari permit-

ted only review of an issue not pertinent to the present appeal, and that the opinion filed by the Supreme Court May 19, 1975 is not dispositive of the issue before us. *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (S.Ct. No. 73-1543).

It therefore is necessary for us to determine whether our opinion in *Johnson, supra,* requires a determination that this action is barred by the applicable 30-day statute of limitations provision set forth in the Civil Rights Act of 1964, §§ 701 *et seq.,* 706(e), 42 U.S.C. §§ 2000e *et seq.,* 2000e-5(e), as it existed in 1971.* We therein held that a refiling of a complaint subsequent to a dismissal without prejudice was barred by the thirty-day statute of limitations provision, where more than thirty days had passed between plaintiff-appellant's receipt of a right to sue letter from the Equal Employment Opportunity Commission and the refiling; it is further to be noted that a period in excess of thirty days had also elapsed between the date of the entry of the order dismissing the action without prejudice and such refiling. However, *Johnson* is distinguishable in that therein no refiling provision was included, while the order in the present case purported to permit a refiling within thirty days of its entry. In the circumstances, it is now concluded that *Johnson* is without controlling precedential value.

In *Bomer v. Ribicoff,* 304 F.2d 427 (6th Cir. 1962), we held that a dismissal without prejudice "leaves the situation the same as if the suit had never been brought." See also, *Goodman v. City Prods. Corp.,* 425 F.2d 702 (6th Cir. 1970). In the present case, appellant's attempt to refile on March 12, 1973 was more than two years beyond the thirty-day period, and neither the District Court nor this Court has the power to extend such statutory period.

The cause is remanded to the District Court with instructions to dismiss the complaint in accordance with the foregoing.