**Helen Gant DONALD**

v.

**Robert C. SEAMANS, Jr., Administrator, Energy Research & Development Administration.**

**Civ. No. 3–76–188.**

United States District Court, E. D. Tennessee, N. D.

Sept. 29, 1976.

Lawrence J. Speiser, Washington, D. C., Edward L. Summers, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## ORDER

ROBERT L. TAYLOR, District Judge.

Defendant has moved that the Court reconsider and vacate its order of September 6, 1976, transferring this case to the Middle District of Tennessee under 28 U.S.C. § 1404(a). Four grounds are urged in support of this motion.

Defendant first contends that the order was entered without affording notice, a hearing and an opportunity to submit evidence on the issues involved in a transfer under § 1404(a). This ground of objection is without merit. The interested parties were afforded a hearing at which briefs were submitted and oral arguments were heard.

As the Court recalls, it was made clear to the parties at the outset of the hearing that if the case were to be transferred, it would be transferred by virtue of § 1404(a). As the Court further recalls, plaintiff's local counsel did not seriously contend, as plaintiff's Washington counsel seemed to contend in his brief, that plaintiff had an absolute right to transfer; but rather, local counsel argued that transfer was appropriate under § 1404(a). The Government contended, both in its brief and in its argument, that, among other things, transfer was inappropriate under § 1404(a) as a matter of law because the Middle District of Tennessee was not a District where the action might have been brought.

During the briefing period and oral arguments, no motion to submit additional evidence was made by the Government. If the Government believed that additional evidence was necessary, it had a sufficient opportunity during the hearing to request permission to present it. At the conclusion of the hearing, the Court dictated findings of fact and conclusions of law from the bench. At that time, defendant again had an opportunity to present additional evidence, but it did not do so. In the opinion of the Court, it is now too late to make such a contention.

We further note that the submission of additional evidence probably would have added nothing to the case. The facts, as the Court understood them, were not in dispute. As is apparent from the Transfer Order, the Court found, on the basis of statements of counsel and the record, that "plaintiff and her husband live, and plaintiff formerly worked, in Oak Ridge, Tennessee [and] . . . [p]resumably many witnesses will come from the Oak Ridge area." Any evidence submitted by defendant would have been cumulative in this regard.

■ Defendant's second contention is that there is no factual evidence in the record to support a transfer. As previously indicated, the Court did not understand the facts to be in dispute. The pleadings, briefs, and other evidence of record, and the oral arguments and representations of counsel, provided a sufficient factual basis for the transfer.

Counsel for each side appeared to take the position that the question of transfer was a legal one. Defendant argued that plaintiff had no legal right to a transfer, and that the Court lacked the authority to do so. Plaintiff joined issue on this argument. The Court, after careful consideration, held that authority for a transfer existed and cited *Gilbert v. General Electric Co.*, 347 F.Supp. 1058 (E.D.Va.1972), in support of this holding.

■ Defendant's third contention is that transfer under § 1404(a) was inappropriate because the Court did not find that transfer was in the interest of justice *and* for the convenience of the parties and witnesses. There is authority to the effect that a Court may be required to make favorable findings on each of these transfers before ordering transfer. *Swindell-Dressler v. Dumbauld*, 308 F.2d 267 (3d Cir. 1962); *Headrick v. Atchison v. Topeka & S.F.R.R.*, 182 F.2d 305 (10th Cir. 1950). Having carefully considered the matter, the Court is of the opinion that where "the interest of justice" is paramount, and where the comparative convenience of the transferee and transferor forums is not significant, transfer under § 1404(a) is appropriate. This rule has been well summarized by Professor Wright:

"28 U.S.C.A. § 1404(a) says that actions may be transferred 'for the convenience of the parties and witnesses, in the interest of justice.' Although Judge Friendly has pointed out, 'the letter of the section might suggest otherwise,' it is well established that the interest of justice is a factor to be considered on its own and an important one, and that the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point[s] in a different direction." Wright & Miller, 15 Federal Practice and Procedure § 3854, at 279 (citations omitted).

A leading case on this point is *Fein v. Public Service Coordinated Transport.*, 165 F.Supp. 370 (E.D.Pa.1958), in which Judge

Kirkpatrick held that the interest of justice called for transfer even though the comparative convenience of the forums in question was nonexistent.[1] *See also Internatio-Rotterdam v. Thomsen*, 218 F.2d 514 (4th Cir. 1955); Moore's Federal Practice & Procedure ¶ 145[5] at 1614 n.2. Other courts have considered the interest of justice to be of controlling importance. *See Glickenhaus v. Lytton Fin. Corp.*, 205 F.Supp. 102 (D.Del.1962); *Cinema Amusements v. Loew's, Inc.*, 85 F.Supp. 319 (D.Del.1949).

In transferring this case to the Middle District of Tennessee, the Court carefully weighed the interest of justice against the convenience of the parties and witnesses. The Middle District obviously must be a convenient forum for plaintiff or she would not have sought transfer there. Moreover, neither the Government nor its witnesses will be significantly inconvenienced by the trying of this case in Nashville rather than Knoxville.

We further note that, in the ordinary case, plaintiff would have had the opportunity to seek a voluntary nonsuit and refile her complaint in the forum of her choice, that is, the Middle District of Tennessee. This would not have been a prudent course to follow in the present case, however, because a nonsuit may have deprived her of an opportunity to refile in another District. *See Johnson v. Railway Express, Inc.*, 489 F.2d 525 (6th Cir. 1973); *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962).

■ Defendant's final contention is that transfer was inappropriate under § 1404(a) because the Middle District of Tennessee is not a District in which the action might have been brought. This point of law was discussed and decided in the Court's previous order transferring the case. Again, we do not agree with defendant's contention. *See Gilbert v. General Electric Co., supra.*

For the reasons indicated, it is ORDERED that defendant's motion be, and the same hereby is, denied.

1. In the present case, the Court is of the opinion that the interest of justice is the controlling factor. *Cf. Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961).