**Bernice OWENS, on behalf of herself and all persons similarly situated**

v.

**WEINGARTEN'S, INC., and Retail Clerks International and Local No. 210 of Retail Clerks International.**

Civ. A. No. 770982.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Dec. 29, 1977.

Robert E. Piper, Jr., Piper & Brown, Shreveport, La., for plaintiff.

James R. Madison, Wiener, Weiss, Madison & Howell, Shreveport, La., for defendant Weingarten's Inc.

Steven H. Beadles, Cook, Clark, Egan, Yancey & King, Shreveport, La., for defendant Local No. 210.

DAWKINS, Senior District Judge.

## RULING ON MOTIONS

Defendants, J. Weingarten, Inc., and Retail Clerks Union, Local No. 210, have filed motions for dismissal under Rule 12, F.R. Civ.P., or, alternatively, for summary judgment under Rule 56, F.R.Civ.P. For the following reasons the motions to dismiss are granted.

Bernice Owens filed this suit on September 1, 1977, on behalf of herself and all others similarly situated, to redress alleged racially discriminatory employment practices at Weingarten's. The case has not been certified as a class action.

Owens' complaint alleges acts of discrimination culminating in her discharge on September 27, 1973. Charges were filed with the EEOC on November 12, 1973, and she received her right-to-sue letter on March 26, 1975.

■ Unless suit is filed within ninety days of receipt of the right-to-sue letter, we are without jurisdiction to entertain Title VII claims. 42 U.S.C.A. § 2000e–5(f); *Genovese v. Shell Oil Company*, 488 F.2d 84 (5th Cir. 1973). Owens' present action was filed more than two years after receipt of her right-to-sue letter.

■ With respect to Owens' 42 U.S.C.A. § 1981 claim, the applicable prescriptive period is Louisiana's one-year limitation on tort and other delictual actions. Her suit was filed nearly four years after the last alleged act of discrimination.

Owens contends that a suit filed by her on May 19, 1975, against the same defendants, and on the same cause of action, interrupted prescription. The prior suit, designated Civil Action No. 75–0498 on our docket, was dismissed by order of Honorable Tom Stagg of this Court on August 25,

1977, pursuant to our Local Rule 14, because of plaintiff's failure diligently to prosecute the action. No appeal from the dismissal was taken. Judge Stagg's Judgment of August 25, 1977, did not specify its operation with or without prejudice. Nevertheless, based as it was upon our Local Court Rules rather than Rule 41(b), F.R.Civ.P., it is clear that the dismissal was intended to be without prejudice and was not an adjudication on the merits.

■ Filing of suit ordinarily interrupts the running of prescription. But, when the action is dismissed without prejudice because of plaintiff's failure to prosecute, the interruption is considered as never having occurred. See *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191 (8th Cir. 1976); *Johnson v. Railway Express Agency, Inc.*, 489 F.2d 525 (6th Cir. 1973); *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962); see also La.Civil Code art. 3519; *Franklin v. Insurance Co. of North America*, 284 So.2d 158 (La.App.3rd Cir. 1973) writ den. 286 So.2d 366 (1973).

We cannot accept plaintiff's argument that the applicable prescriptive period began to run anew after dismissal of Civil Action No. 75–0498. To do so would render meaningless the statutory limitations on commencement of actions. Plaintiff could have appealed from the judgment of dismissal but chose not to do so.

Finding that we are without jurisdiction to hear the untimely Title VII claim and that the remainder of plaintiff's claims have prescribed, the motions to dismiss on behalf of J. Weingarten, Inc., and Retail Clerks Union, Local No. 210, are granted.