**Ruth WILSON, Plaintiff,**

v.

**GRUMMAN OHIO CORPORATION, fka Grumman Flxible Corp., Defendant.**

No. C85–3017–A.

United States District Court, N.D. Ohio, E.D.

Dec. 13, 1985.

Timothy A. Shimko, Spangenberg, Shibley, Traci & Lancione, Cleveland, Ohio, for plaintiff.

Bradd N. Siegel, Porter, Wright, Morris & Arthur, Columbus, Ohio, for defendant.

ORDER

BELL, District Judge.

This action was filed by the plaintiff, Ruth Wilson, on October 9, 1985 under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The plaintiff asserts that her employer, Grumman Ohio Corporation (hereinafter Grumman) has engaged in an unlawful employment practice by failing to promote her. Specifically, the plaintiff alleges that in September of 1977, the defendant hired a male employee who had fewer qualifications than she did for a position as a tool scheduler. The plaintiff claims that the reason she was not given this position was because of her sex.

Presently before this court is a motion to dismiss this action filed by the defendant. Grumman contends that the action is barred as a matter of law since the complaint was filed more than ninety days after the plaintiff received her right to sue letter from the Equal Employment Opportunity Commission. The plaintiff does not dispute the fact that the complaint was filed approximately sixteen months after she received the right to sue letter, however, the plaintiff does contend that her previous filings with this court have tolled the limitations period.

The record in this action reveals that on September 10, 1984, (within the ninety-day period to file a complaint under Title VII) the plaintiff commenced in this court an employment discrimination action against her employer entitled Case No. C84–2847A *Ruth Wilson v. Grumman Flxible Corp.*. Thereafter, the plaintiff failed to effect service upon the defendant until eight months later.

After receipt of service, Grumman moved this court on June 14, 1985 to dismiss Case No. C84–2747A, on the grounds that plaintiff's failure to effect service

within 120 days did not comply with Rule 4(j) of the Federal Rules of Civil Procedure. On July 16, 1985, this court granted the defendant's motion and found as follows:

In *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476 (N.D.Ill.1984), the court dismissed a factually similar action for failing to comply in a timely fashion with the service provisions in Rule 4(j). The *Coleman* court held that the 120-day requirement for service after the filing of the complaint is a stringent standard that requires a diligent effort by the plaintiff. In addition the burden of demonstrating that the party seeking service acted in a diligent manner is upon the plaintiff. *Id.* at 478. Also *see Sanders v. Marshall*, 100 F.R.D. 480 (W.D.Pa. 1984).

Applying the standard set forth in *Coleman* to the instant action, it is clear that the plaintiff has failed to demonstrate that she acted with due diligence in serving the defendant. The record is devoid of any reason for the long delay in obtaining service on the defendant, and no excuse is offered by the plaintiff in the form of a response to this motion. Rule 4(j) does not permit a party to procrastinate in the prosecution of a cause of action to the extent which the plaintiff has engaged and then fail to come forward with some showing of "good cause" for the delay.

The plaintiff did not respond to this motion; however, on July 24, 1984, she moved this court to vacate the dismissal on the grounds that plaintiff's former attorney had attempted to effectuate service on the defendant. The motion to vacate was subsequently denied by the court. There was no appeal taken by the plaintiff in Case NO. C84–2747A.

At this time the plaintiff contends that her earlier filings with the court in Case No. C84–2747A have tolled the requirement that a Title VII action be filed within ninety days of receipt of the notice of right to sue. The plaintiff further asserts that if the prior filings have tolled the ninety-day requirement, the present complaint would be timely since it was filed eighty-five days after this court dismissed Case No. C84–2747A.

The doctrine of equitable tolling of the procedural requirements established by Congress under Title VII has been discussed recently by the Supreme Court. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the Court held that the ninety-day limitation period under Title VII for invoking the court's jurisdiction should be strictly applied.

The plaintiff in *Baldwin County* mailed her notice of right to sue letter to the district court within the ninety-day period. Thereafter, the court ordered the plaintiff to use the motion form and supporting questionnaire provided to her by the district court. The plaintiff did not comply with the court's order even though she was advised of the need to file an action in timely manner on several occasions. Instead, she chose to file a *pro se* complaint 130 days after she had received the right to sue letter. This complaint was ultimately dismissed by the district court for being outside of the 90-day period for commencing a Title VII action.

In affirming the finding of the district court, the Supreme Court state:

This is not a case in which a claimant has received inadequate notice, see *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292 (CA9 1974); or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, see *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (CA6 1972); or where the court has led the plaintiff to believe that she had done everything required of her, see *Carlile v. South Routt School District RE 3-J*, 652 F.2d 981 (CA10 1981). Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. See *Villasenor v. Lockheed Aircraft*, 640 F.2d 207 (CA9 1981); *Wilkerson v. Siegfried Insurance Agency, Inc.*, 621 F.2d 1042 (CA10 1980); *Leake v. University of Cincinnati*, 605 F.2d 255 (CA6 1979). The simple fact is that Brown was told

three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

Brown also contends that the doctrine of equitable tolling should apply because the Welcome Center has not demonstrated that it was prejudiced by her failure to comply with the rules. This argument is unavailing. Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures. (Footnotes omitted.)

*Id.* at 151–152, 104 S.Ct. at 1725–1726, 80 L.Ed.2d at 202.

Applying the reasoning set forth above to the instant action, this court concludes that the ninety-day period for filing an action under Title VII has not been tolled by the plaintiff's action. The plaintiff has not presented any reason which would justify tolling the statutory period. Instead, the record demonstrates that the plaintiff failed to act with due diligence in obtaining service on the defendant in Case No. C84–2747A. As previously held by this court, the plaintiff made no reasonable attempt to effect service upon the defendant and that failure eventually resulted in the dismissal of the first action.

At this time the plaintiff again attempts to justify her failure to serve the defendant in Case No. C84–2747A as a reason to apply an equitable tolling. However, the plaintiff's lack of due diligence has already been determined by this court and does not impact upon whether the ninety-day period set by Congress for the filing of a Title VII action has either been met or tolled under an equitable doctrine. Unlike the cases where some equitable tolling has been held to apply the plaintiff cannot claim that either the court or the defendant were responsible for the long delays in the ultimate filing of this action. The delay must be placed on the party responsible for the commencement of the action, which is the plaintiff. Thus, the court concludes that the filing of this Title VII claim approximately sixteen months after receipt of the notice of right to sue letter contradicts the procedural requirements established by Congress.

Accordingly, the defendant's motion to dismiss is hereby granted and this case is dismissed for failing to comply with the ninety-day filing requirement set forth in Title VII, 42 U.S.C. § 2000e–5(f)(1).

IT IS SO ORDERED.