**Ruth WILSON, Plaintiff-Appellant,**

v.

**GRUMMAN OHIO CORP., fka Grumman Flxible Corp., Defendant-Appellee.**

**No. 86–3065.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 14, 1986.

Decided April 1, 1987.

Timothy A. Shimko, Ellen Simon Sacks (argued), Spangenberg, Shibley, Traci & Lancione, Cleveland, Ohio, for plaintiff-appellant.

Bradd N. Siegel (argued), Porter, Wright, Morris & Arthur, Columbus, Ohio, for defendant-appellee.

Before MARTIN, MILBURN and BOGGS, Circuit Judges.

**1.** This opinion was edited for publication by     Judge Norris.

PER CURIAM.

The district court dismissed Ruth Wilson's Title VII complaint against Grumman because the complaint was filed more than ninety days after receipt of her "right-to-sue" letter from the EEOC. We affirm the district court.

Wilson received her "right-to-sue" letter from the EEOC on June 14, 1984. She filed her original claim in district court on September 10, 1984, eighty-seven days after receiving the notice. However, she failed to perfect service on Grumman for approximately eight months. The district court granted Grumman's motion to dismiss on the grounds that Wilson's failure to perfect service within one hundred and twenty days did not comply with Rule 4(j) of the Federal Rules of Civil Procedure. The complaint was dismissed without prejudice on July 16, 1985. She did not appeal that dismissal.

Instead Wilson refiled an identical complaint on October 9, 1985, eighty-five days after the dismissal and over fifteen months after her receipt of the right-to-sue letter from EEOC. The district court dismissed the second complaint because it was not filed within the ninety day statutory filing period of Title VII, 656 F.Supp. 689 (N.D. Ohio 1985).

Wilson appeals from the district court's dismissal of her second complaint. She first argues, as a matter of law, that the filing of her original complaint within the ninety day period tolls the statutory filing period and that she should have another ninety day period after the dismissal without prejudice within which to refile her complaint. Wilson is actually arguing that the ninety day filing period should be restarted after the dismissal without prejudice. If the filing of the first complaint merely tolled the statutory period, the running of the period would be suspended, but would start again after the dismissal. Wilson would then have had to refile within three days, as she had already used eighty-seven of the ninety days before filing the original complaint. Because we hold that the filing of the original complaint did not toll the ninety day period at all, Wilson had neither three days nor ninety days to refile

after the dismissal: she was already out of time.

Wilson's position that the filing of a complaint which is later dismissed without prejudice tolls the statutory filing period finds little support in the federal courts. It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending. *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir.1962); 5 *Moore's Federal Practice* ¶ 41.05[2].

Some courts have held specifically that a timely claim which is dismissed without prejudice for failure to prosecute does not toll the statute of limitations. *Dupree v. Jefferson*, 666 F.2d 606, 610–11 (D.C.Cir. 1981); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982). Other courts have assumed, without discussing the tolling issue, that a plaintiff seeking to refile after a dismissal without prejudice would be time-barred unless the refiling is within the ninety day Title VII period. *Porter v. Beaumont Enterprise and Journal, Inc.*, 743 F.2d 269, 273 (5th Cir.1984); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985).

Wilson relies on *Johnson v. Railway Express Agency, Inc.*, 489 F.2d 525 (6th Cir. 1973), *aff'd on other grounds*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The statutory filing period for Title VII complaints was then thirty days rather than ninety as it is now. The district court had held that the plaintiff's complaint was time-barred because he had not refiled his complaint within thirty days of the dismissal without prejudice of his original complaint. This court held "that the District Court was clearly correct in holding that at a minimum Johnson had to file the new case within thirty days from the date of dismissal without prejudice." *Id.* at 529. Wilson thus argues that she should have the full ninety day period to refile her complaint.

The rest of *Johnson,* however, does not support Wilson's argument. The court cited *Bomer* for the proposition that the filing of a suit which is dismissed without prejudice does not toll the statutory filing period of Title VII. The court upheld the district court's dismissal of Johnson's complaint because any error committed by the district court's liberal interpretation of the filing requirement was committed in favor of Johnson. The court did not reach the question of whether Johnson's claim would have been timely if it had been refiled within thirty days after the dismissal without prejudice.

Subsequent Sixth Circuit precedent does not support Wilson's position. In *Hall v. Kroger Baking Co.,* 520 F.2d 1204 (6th Cir.1975), this court held that a timely complaint later dismissed without prejudice did not toll the statutory filing period of Title VII even though the order of dismissal purported to permit a refiling within thirty days of its entry. We held that neither the district court nor this court had the power to extend the statutory period.

More recently, this court explained that the filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statute of limitations:

> While the limitations period is "tolled" for some purposes upon the filing of a complaint, this notion of tolling is a very limited one. Generally, but for outside influences which may sometimes toll the running of the limitations period (e.g. insanity, minority, etc.) the statute of limitations is not otherwise "interrupted." This is obvious from the doctrine which indicates that dismissals without prejudice operate to leave the parties as if no action had ever been commenced.... If the period of limitations has run by the point of such a dismissal, any new action is generally untimely.

*Harris v. City of Canton, Ohio,* 725 F.2d 371, 376–77 (6th Cir.1984) (citations omitted).

These cases indicate that *Bomer v. Ribicoff* remains good law in this circuit. We are persuaded that the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII. Because Wilson did not refile within the original ninety day period, the district court correctly dismissed her second complaint.

Wilson next argues that the Title VII filing period is not jurisdictional, but is subject to waiver and equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). *Zipes* is not quite on point, as it involved the ninety day (later amended to one hundred and eighty day) period for filing a charge with the EEOC after the alleged wrongful employment practice and not the period for filing in the district court which is in question here. However, this court has held that although Title VII filing requirements are jurisdictional, they are subject to equitable tolling in limited circumstances. *Brown v. Mead Corp.,* 646 F.2d 1163, 1165 (6th Cir.1981). The court cautioned that the concept of equitable tolling is not "an escape valve through which jurisdictional requirements will evaporate since '[t]he tolling of the statutory periods on equitable grounds is usually very much restricted.'" *Id.* at 1165 (citations omitted). The court noted that the Sixth Circuit had only applied the doctrine of equitable tolling in situations where the employer had made affirmative representations to the employee, causing her to delay filing her claim, *Leake v. University of Cincinnati,* 605 F.2d 255 (6th Cir.1979), and in situations where the plaintiff pursued an alternative judicial remedy in state court reasonably believing it to be available to her. *Fox v. Eaton Corp.,* 615 F.2d 716 (6th Cir.1980).

The Supreme Court considered the possible justifications for invoking the doctrine of equitable tolling in refusing to apply the doctrine to a *pro se* plaintiff who did not comply with the district court's filing instructions in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984), stating:

> This is not a case in which a claimant has received inadequate notice, ... or

where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... or where the court has led the plaintiff to believe that she had done everything required of her.... Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.... The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

The district court considered the Supreme Court's statements in *Brown* and rightly concluded that Wilson had not presented any reasons that would justify an equitable tolling of the statutory filing period.

Wilson's first claim was dismissed by the district court for her failure to perfect service upon Grumman within the one hundred and twenty day period of Rule 4(j) of the Federal Rules of Civil Procedure. Wilson's lack of diligence in effecting service upon Grumman within the necessary period cannot be the basis for an equitable tolling of the statutory filing period in her favor. We agree with the district court that:

> Unlike the cases where some equitable tolling has been held to apply the plaintiff cannot claim that either the court or the defendant were responsible for the long delays in the ultimate filing of this action. The delay must be placed on the party responsible for the commencement of the action, which is the plaintiff.

*Wilson v. Grumman Ohio Corp.*, 656 F.Supp. at 691 (N.D.Ohio 1985).

We thus agree that the district court correctly refused to apply the doctrine of equitable tolling to allow Wilson to file her complaint when the Title VII statutory filing period had run out over a year before filing and the delay was due largely to her failure to effect service upon the defendant. The district court's order of dismissal is AFFIRMED.