2 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles C. WILFORD, Plaintiff-Appellant,
v.
Charles SLUSHER; Walgreen Drug Store, Defendants-Appellees.
 No. 93-5189.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Charles C. Wilford, a pro se Kentucky plaintiff, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 2000e. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wilford filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that his employer terminated him because of his race. On April 30, 1991, the EEOC issued Wilford a notice of right-to-sue. On June 6, 1991, Wilford filed a complaint pursuant to 42 U.S.C. Sec. 1983, alleging that the defendants, Walgreen Drug Store and one of its managers (Slusher), terminated his employment because he is black. The district court dismissed the complaint because it was filed pursuant to 42 U.S.C. Sec. 1983, and the defendants are not state actors; the dismissal was without prejudice to Wilford's right to file a Title VII complaint.
 
 
 4
 Wilford then filed his current suit on June 22, 1992, re-asserting that the defendants discriminated against him on the basis of his race. The defendants filed a motion to dismiss the complaint arguing that Wilford had not filed suit within the 90-day requirement provided under Title VII. 42 U.S.C. Sec. 2000e-5(f)(1). After reviewing Wilford's response, the district court concluded that it lacked subject matter jurisdiction, and dismissed the complaint. Wilford has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Wilford's complaint for lack of subject matter jurisdiction. See Ang. v. Proctor & Gamble Co., 932 F.2d 540, 544 (6th Cir.1991). A timely complaint later dismissed without prejudice does not toll the 90-day filing period under Title VII, see Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir.1987) (per curiam), because such a dismissal leaves the situation the same as if the suit had never been brought. Id. at 27. Because Wilford filed his suit beyond the 90-day time period, the district court properly dismissed it for lack of subject matter jurisdiction. See Cook v. Providence Hosp., 820 F.2d 176, 179-80 (6th Cir.1987).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation