65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sam ESTER, Plaintiff-Appellant,
v.
AMOCO OIL COMPANY, et al., Defendants-Appellees.
 No. 93-6530.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1995.
 
 Before: RYAN, BATCHELDER, and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 This is an appeal of the district court's order dismissing as untimely appellant Sam Ester's third complaint under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. Secs. 2801-2841. For the reasons that follow, we affirm.
 
 
 2
 Ester was a franchisee of Amoco Oil Company ("Amoco"). Appellee Joe Sharp ("Sharp") was Amoco's territory manager for the territory including Ester's service station. On August 1, 1989, Sharp delivered to Ester a notice of termination of Ester's franchise, effective August 4, 1989.
 
 
 3
 On August 4, 1989, Ester filed his original complaint against Defendants-Appellees Amoco Oil Company and Joe Sharp (collectively "Appellees"). The case was dismissed without prejudice for lack of prosecution on February 18, 1992. Ester alleges that various attorney changes, errors, and miscommunications resulted in the dismissal of his initial complaint. No appeal was filed from the dismissal of the first complaint.
 
 
 4
 On May 29, 1992, Ester filed a second complaint against Appellees. On March 3, 1993, Ester's second action was dismissed without prejudice under Fed.R.Civ.P. 4 for failure to effect service within 120 days after filing. Ester did not appeal from this dismissal.
 
 
 5
 On May 25, 1993, more than two months after the dismissal of his second complaint, Ester filed a third complaint against Appellees. On September 14, 1993, Appellees moved to dismiss the third complaint as untimely filed. The District Court granted this motion on October 13, 1993, dismissing Ester's third action with prejudice. Ester timely filed a notice of appeal.
 
 
 6
 The District Court's dismissal on statute of limitations grounds is reviewed de novo. Hoover v. Langston Equipment Associates, 958 F.2d 742, 744 (6th Cir.1992); Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1399 (6th Cir.1990), cert. denied, 501 U.S. 1230 (1991).
 
 
 7
 Section 2805(a) of the PMPA allows oil company franchisees to bring suit against oil companies for failure to comply with PMPA requirements. The statute provides that "no such action may be maintained unless commenced within 1 year" after the date of termination of the franchise or the PMPA violation, whichever is later. 15 U.S.C. Sec. 2805(a). The PMPA statute of limitations began to run in this case on August 4, 1989, the date Ester's franchise was terminated. Ester filed his third complaint on May 25, 1993.
 
 
 8
 Ester argues that his third complaint was timely because the filing of his initial complaint tolled the PMPA statute of limitations. Because he filed his initial complaint on the first day that the statute began to run, Ester asserts that he had a year from the date of dismissal in which to refile his complaint. Ester then asserts that because he filed his second complaint about three months after the dismissal of his first complaint, his second complaint was timely and tolled the remaining nine months of the PMPA statute. Finally, Ester asserts that because he filed the third complaint within two months after his second suit was dismissed for failure of service, his third complaint was timely since it was filed within the remaining nine-month period. Ester also argues that the PMPA statute of limitations should be equitably tolled.
 
 
 9
 Appellees argue that actions such as Ester's second complaint that are dismissed for failure to serve the complaint within the time limits set out in Fed.R.Civ.P. 4 do not toll statutes of limitation.
 
 
 10
 Ester's third complaint was untimely because the filing of his second complaint did not toll the statute of limitations. The second complaint was dismissed for failure to effect service within 120 days as required by Fed.R.Civ.P. 4(m) (corresponds to pre-1993 Fed.R.Civ.P. 4(j)). This court has held that filing a complaint that is later dismissed for failure to perfect service does not toll the statute of limitations, and that refiled complaints filed after the statute of limitations has run are untimely. Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir.1987) (citing Harris v. City of Canton, 725 F.2d 371 (6th Cir.1984)); see also Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir.1991).
 
 
 11
 Moreover, the second complaint was also untimely because the first complaint did not toll the statute of limitations. Sixth Circuit precedent states that a dismissal without prejudice normally does not toll the statute of limitations. In Wilson, the court stated:
 
 
 12
 It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.
 
 
 13
 Wilson, 815 F.2d at 27. The statute of limitations ran on August 4, 1990. Ester's first complaint was dismissed without prejudice for lack of prosecution on February 18, 1992, well after the statute of limitations had run. Therefore, both Ester's second and third complaints were untimely.
 
 
 14
 The PMPA does not contain a savings provision allowing refiling after a dismissal without prejudice after the statute of limitations has run. The Tennessee savings statute, Tenn.Code Ann. 28-1-105, is not applicable to toll a federal statute of limitations such as the one contained in the PMPA. See Burnett v. New York Central Railroad, 380 U.S. 424, 432-33 (1965); Johnson v. Railway Express Agency, Inc., 489 F.2d 525, 530 (6th Cir.1973), reh'g denied, (6th Cir.1974), aff'd, 421 U.S. 454 (1975). See generally 4 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure Sec. 1056, at 192 (1987) (when federal statute contains specific limitations provision, state savings statute will not apply).
 
 
 15
 We need not decide whether the doctrine of equitable tolling applies to the Petroleum Marketing Practices Act's statute of limitations because there is no factual basis for equitable tolling in this case. Ester blames his failures to prosecute his cases, serve process, and refile quickly on the inadvertence and neglect of counsel; however, as the Supreme Court has stated, such "garden variety claim[s] of excusable neglect" by attorneys are not sufficient to invoke the equitable tolling doctrine. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Ester does not allege traditional justifications for invocation of equitable tolling, such as misleading conduct of the defendants. See, e.g., Wilson, 815 F.2d at 29.
 
 
 16
 For the reasons stated above, the district court's order dismissing Ester's third complaint as untimely is AFFIRMED.