UNITED STATES COURT OF APPEALS
**Filed 10/7/96**
FOR THE TENTH CIRCUIT

GUST MARION JANIS,

Plaintiff-Appellant,

v.

No. 95-1299
(D.C. No. 94-C-1202)
(D. Colo.)

JANET RENO, United States Attorney General; KATHLEEN HAWKS, Director, Federal Bureau of Prisons; PATRICK W. KEOHANE, Warden; PATRICK WHALEN, Warden; ED YORK, Unit Manager; J. JOHNSON, Case Manager; MATT EASTERBROOK, Correctional Counselor; KARL BELFONTI, Unit Manager; TYRONE RODRIGUEZ, Case Manager; REIDA HENDERSON, Correctional Counselor; T.L. HINES, Captain; OFFICER GAIBREATH, Correctional Counselor; JESUS GONZALEZ, Lieutenant; ROBERT E. WILLIAMS, Clinical Director; TERRY FINNEGAN, Health Services Director; B.R. LANGE, Physicians Assistant; E. VINCENT, Security Officer; BILLY WILLIAMS, Security Officer; DWAYNE ROBERSON, Education Supervisor; J. GRECO, Associate Warden; D. P. IVERSON, Security Officer; OFFICER AIRINGTON, Security Officer; DOES 1-100; all sued individually and in their official capacities; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF

PRISONS; UNITED STATES
PENITENTIARY - LOMPOC;
UNITED STATES PENITENTIARY -
FLORENCE HIGH SECURITY,

      Defendants-Appellees.

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff, who is pro se, commenced an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against four federal government agencies and twenty-two individuals, in both their official and individual capacities, alleging various constitutional claims relating primarily to access to

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

legal materials and the courts, to retaliation, and to his medical needs. The district court granted the served defendants' motion to dismiss and dismissed the action without prejudice as to the unserved defendants. Plaintiff appealed, and we now affirm.

Plaintiff first argues the district court abused its discretion by failing to toll the statute of limitations from the date he filed his complaint until the date the district court dismissed the complaint without prejudice as to the unserved defendants. He contends that lack of service should toll the statute of limitations. Plaintiff did not ask the district court to toll the statute of limitations. Generally, this court does not consider issues on appeal that were not raised in the district court. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Nonetheless, we conclude plaintiff's argument is without merit. Bivens actions, like 42 U.S.C. § 1983 actions, are subject to the statute of limitations of the general personal injury statute of the state where the action arose. Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). In addition to applying the state statute of limitations, questions of tolling are also governed by state law. Hardin v. Straub, 490 U.S. 536, 539 (1989); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff has not identified any state law indicating that his action should have been tolled, and we have found no state or federal law to support his request for tolling. See also

Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991)("In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action."); Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27-28 (6th Cir. 1987)(without statute to contrary, party cannot deduct from period of limitations time during which action, later dismissed without prejudice for failure to perfect service, was pending); Stein v. Reynolds Sec., Inc., 667 F.2d 33, 33-34 (11th Cir. 1982)(dismissal of suit without prejudice does not authorize later suit brought outside otherwise binding limitation period); Dupree v. Jefferson, 666 F.2d 606, 610-11 (D.C. Cir. 1981)(involuntary dismissal of action without prejudice does not toll running of statute of limitations). Accordingly, we conclude the district court did not err in failing to toll the statute of limitations.

Plaintiff next argues that the district court abused its discretion in dismissing his complaint as to the served defendants for failure to state a claim upon which relief can be granted.[1] See Fed. R. Civ. P. 12(b)(6). We review de novo the district court's dismissal for failure to state a claim upon which relief may be granted. Industrial Constructors Corp., 15 F.3d at 967. We uphold a dismissal under Rule 12(b)(6) if, after accepting all of the well-pleaded

---

[1] Both in the district court and in his brief on appeal, plaintiff states that he does not oppose dismissal of the institutional defendants.

-4-

allegations in the complaint as true and construing them in the light most favorable to the plaintiff, it appears the plaintiff can prove no set of facts supporting his claims that would entitle him to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). Although we must determine "whether the complaint states a conceivable cause of action, we are not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below." National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir. 1989). Here, plaintiff's assertions to support this argument are conclusory. Upon consideration of the briefs, record on appeal, and relevant case law, we conclude the district court properly dismissed the claims against the served defendants for failure to state a claim. We affirm as to this argument for substantially the reasons stated in the June 12, 1995, recommendation of the magistrate judge adopted by the district court on June 28, 1995.

Plaintiff's third argument is that the district court abused its discretion in denying his motion to amend his original complaint to split his action into two parts and refusing to transfer the part over which the district court lacked personal jurisdiction to the proper jurisdiction. We review the district court's denial of the motion to amend for an abuse of discretion. Creamer v. Laidlaw Transit, Inc., 86 F.3d 167, 171 (10th Cir. 1996). Under this standard, the district court must be

upheld "'if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.'" Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992)(quoting Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir. 1990)). Under the circumstances of this case, amendment would have been futile. See Foman v. Davis, 371 U.S. 178, 182 (1962)(futility justifies denial of amendment). We conclude the district court did not abuse its discretion in denying amendment of the complaint.

We also review the district court's refusal to transfer a portion of the action for an abuse of discretion. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). Because plaintiff also failed to state a claim against all defendants, we conclude the district court did not abuse its discretion in failing to transfer part of the case.

Fourth, plaintiff argues the district court abused its discretion in failing to substitute the United States for defendants sued in their official capacities. The defendants counter that there was no error because plaintiff failed to show the United States waived sovereign immunity and because plaintiff never requested that the United States be substituted. We agree with defendants. Plaintiff never requested substitution in the district court, see Walker, 959 F.2d at 896, but even if he had, plaintiff makes no showing of waiver, and the United States has not waived sovereign immunity to suits such as this for money damages, see National Commodity & Barter Ass'n, 886 F.2d at 1245-46.

Finally, plaintiff argues the district court erroneously assumed that he was suing various defendants under the theory of respondeat superior. Contrary to plaintiff's assertion on appeal that he specified actual wrongdoing by all defendants in his complaint, the complaint evidences a lack of pleading of personal participation by various defendants. We therefore conclude the district court correctly assumed plaintiff was suing under the theory of respondeat superior.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge