**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICTORIA NWAOBASI,
Plaintiff-Appellant,

v.

No. 96-1648

FIRST SECURITY FEDERAL SAVINGS
BANK, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-95-3516-CCB)

Submitted: December 31, 1996

Decided: January 13, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Erroll D. Brown, Kirk A. Wilder, LAW OFFICES OF ERROLL D.
BROWN, Landover, Maryland, for Appellant. Lawrence S. Green-
wald, Bradford W. Warbasse, GORDON, FEINBLATT, ROTHMAN,
HOFFBERGER & HOLLANDER, L.L.C., Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victoria Nwaobasi, an African woman, filed an EEOC complaint against her employer, First Security Mortgage ("mortgage division"), and Jane McQuilkin, a senior vice-president of First Security Federal Savings Bank ("First Security"), alleging race and sex discrimination, harassment, and retaliation in her employment in violation of Title VII of the Civil Rights Act of 1961, as amended , 42 U.S.C. § 2000e (1994). The EEOC issued a right to sue letter in September 1994, and Nwaobasi filed a timely complaint in the district court in October 1994.

The mortgage division filed a motion to dismiss on the ground that it lacked the capacity to be sued because it was an unincorporated subsidiary of First Security. The district court granted the mortgage division's motion and dismissed Nwaobasi's complaint without prejudice, at the same time granting Nwaobasi's motion to substitute First Security as a party. The district court gave Nwaobasi fifteen days to serve process on First Security, but Nwaobasi failed to comply until four months after the district court's order. First Security filed a second motion to dismiss based on insufficiency of service of process. The district court granted the motion in September 1995 and dismissed Nwaobasi's complaint without prejudice. Nwaobasi did not appeal that order.

Nwaobasi filed a second complaint, identical to the first, in November 1995. First Security again filed a motion to dismiss on the ground that the complaint was time-barred because it was filed more than ninety days after receipt of the right to sue letter. Nwaobasi did not file an opposition to the motion to dismiss, and the district court dismissed the second complaint in March 1996. The court also denied Nwaobasi's motion for reconsideration, and she timely appealed both orders. We affirm.

2

This court reviews the district court's decision to dismiss Nwaobasi's claim de novo. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). We find persuasive the policy followed in several other circuits that dismissal of a Title VII claim without prejudice does not toll the ninety-day limitations period. See Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991); Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27-28 (6th Cir. 1987). Since Nwaobasi filed her second complaint more than one year after receiving her right to sue letter, that complaint was time-barred.

Nwaobasi's other arguments were not raised before the district court, and they cannot now be raised on appeal. Singleton v. Wulff, 428 U.S. 106, 120 (1976); Muth v. United States , 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we affirm the district court's orders. First Security's unopposed motion to take judicial notice is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3