**Annie K. TATE, Plaintiff–Appellant,**

v.

**UNITED SERVICES ASSOCIATES, INC., Defendant–Appellee.**

No. 02–6468.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

James L. Harris, Nashville, TN, for Plaintiff–Appellant.

Waverly D. Crenshaw, Jr., Waller, Lansden, Dortch & Davis, Nashville, TN, Daniel J. Burnick, Sirote & Permutt, Birmingham, AL, for Defendant–Appellee.

Before NELSON, GIBBONS, and SUTTON, Circuit Judges.

### ORDER

Annie K. Tate, a Tennessee resident represented by counsel, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 2000e et seq. (Title VII). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Tate filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on June 5, 2000, alleging that her project manager subjected her to sexual harassment from December 1, 1999, to April 13, 2000. On September 15, 2000, the EEOC issued Tate a right-to-sue letter. Tate filed suit against United Services Associates, Inc. (United) on December 14, 2000. Tate then filed a voluntary notice of dismissal in that case on June 21, 2001.

Tate then refiled her complaint, which was identical to her first complaint except for two minor changes, on June 10, 2002. On August 20, 2002, Tate amended her complaint to include language that would invoke diversity jurisdiction in addition to the federal question jurisdiction that already existed by virtue of her Title VII claim. United then moved to dismiss the second complaint as untimely. The district court agreed with United and dismissed the complaint.

In her timely appeal, Tate argues that the district court erred by concluding that her suit was untimely and argues that Tenn.Code Ann. § 28–1–105 (rather than Title VII) establishes the applicable limitations period.

The district court's order is reviewed de novo. See Sperle v. Mich. Dep't of Corr., 297 F.3d 483, 490 (6th Cir.2002).

■ The district court properly dismissed Tate's complaint as untimely. A plaintiff must file her Title VII claim within ninety days of receiving the EEOC's right-to-sue letter. The filing of a prior complaint does not toll the ninety-day period and the court cannot extend the time for filing. See Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27 (6th Cir.1987).

■ Tate received her right-to-sue letter on September 15, 2002, and her first complaint was filed ninety days later on December 14, 2002. Subsequently, Tate voluntarily dismissed her cause of action. Although a voluntary dismissal ordinarily has the effect of a dismissal without prejudice, that does not exist in this case. See Fed.R.Civ.P. 41(a)(1). The district court was required to dismiss Tate's Title VII claim because the ninety-day limitations period ended on the same day that Tate filed her first complaint.

Tate contends that the district court erred by relying on Wilson. As a general rule, a district court applies the state statute of limitations where a federal statute is silent. Although Tate concedes that Wilson is on point and would require that her complaint be dismissed, she asserts that Wilson was incorrectly decided and that this panel should overrule Wilson. A panel of this court is bound by the prior published opinions of this circuit unless an inconsistent decision of the United States Supreme Court requires modification of that decision or this court, sitting en banc, overrules the prior decision. Salmi v. Sec'y of Health & Human Servs., 774 F.2d 685, 689 (6th Cir.1985); Sixth Cir. R. 206(c). As Wilson is not inconsistent with a decision of the United States Supreme Court and has not been overruled by this court sitting en banc, Tate's request for this panel to overrule Wilson is meritless.

Tate further argues that because diversity jurisdiction exists, the court should apply Tenn.Code Ann. § 28–3–104(a)(3) and Tenn.Code Ann. § 28–1–105. Regardless of whether diversity jurisdiction exists, the district court is required to apply the state statute of limitations where a federal statute is silent. However, Title VII is not silent on this issue and Title VII provides that claimants must file suit within ninety days from receipt of the right-to-sue-letter. *See Johnson v. Ry. Express Agency, Inc.*, 489 F.2d 525, 530–31 (6th Cir.1973). Despite Tate's assertion of diversity jurisdiction, she brought her action under Title VII and cannot avoid the statutory limitation period of Title VII. *Id.*

Accordingly, we affirm the district court's order.